DECISION AND JOURNAL ENTRY
Appellant, Gary Allen Phares, pleaded guilty to burglary in violation of R.C. 2911.12(A)(2) and felonious assault in violation of R.C. 2903.11(A)(1). The Summit County Court of Common Pleas sentenced him to consecutive terms, four years for the burglary and six years for the felonious assault. He appeals this sentence.
 I On July 19, 1998, Gary Allen Phares ("Phares") went to theapartment of his ex-girlfriend, Stephanie Lucas ("Lucas"), andkicked in the front door. Phares was drunk. Once inside Phareswas "unable to control [his] anger," he grabbed Lucas, shoutedabusive language and threatened to kill her while theirthree-year-old daughter, Jordan, watched in terror. Phares shovedLucas aside, went into the bedroom and found Jason Parker[1]("Parker") asleep in the bed. Phares repeatedly punched Parkerin the face and head.
Lucas attempted to call 911 from the living room and kitchen phones but Phares had ripped both phones out of the wall jacks. Eventually EMS responded to the scene and transported Parker to Barberton Citizen's Hospital. Parker was treated for a lip laceration, a superficial brow laceration and a fractured left eye socket that was later repaired with surgery. The Franklin Township police arrested Phares.
On July 27, 1998, the grand jury indicted Phares on thecharges of aggravated burglary, R.C.2911.11(A)(1); feloniousassault, R.C. 2903.11(A)(1); assault, R.C. 2903.13(A); andendangering children, R.C. 2919.22(A). On September 30, 1999, thecharges were amended and Phares pleaded guilty to burglary andfelonious assault. The other two charges were dismissed.
A presentence investigation report was prepared. On November 2, 1999, the trial court conducted a sentencing hearing and on November 4, 1999, sentenced Phares to a term of four years for the burglary and a term of six years for the felonious assault. The sentences were consecutive. The trial court stated it relied on the presentence investigation report, the defendant's report regarding recent visitations with his daughter, the victim impact statements and photographs. The court focused on the permanency of the victims' injuries and Phares' long criminal history of assaultive behavior.
Phares filed a timely appeal and moved this court to disclosethe portion of the record that was termed "presentenceinvestigation report and other investigative reports." OnFebruary 18, 2000 this court disclosed only the first nine pagesof the presentence investigation report which contained thecircumstances of the offense, defendant's statement, priorcriminal record, and social history. The record reflects theinformation contained in these four sections was also disclosed toPhares before sentencing. This court did not disclose pageseleven through sixteen of the presentence investigation report,the victim's statements or any photographs. The record reflectsthe information contained in this undisclosed portion of thereport has remained confidential and unavailable to Pharesthroughout the entire proceedings.[2]
Phares asserts three assignments of error.
 II
Phares' first assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FAILED TO STATE ORALLY OR IN WRITING A SUMMARY OF THE FACTUAL INFORMATION THAT IT WOULD RELY UPON IN DETERMINING THE DEFENDANT'S SENTENCE AS REQUIRED BY SECTION 2951.03(B)(3) OF THE OHIO REVISED CODE.
Phares argues that the court withheld from him information contained in the presentence report that was relied on for sentencing and therefore, denied him an opportunity to comment on the information as required in R.C.2951.03(B)(3). We find the trial court did not follow R.C.2951.03(B)(3) and sustain Phares' first assignment of error.
The trial court "in lieu of making the [presentence investigation] report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence." R.C. 2951.03(B)(3). The statute further requires that the defendant and the defendant's attorney be given an opportunity "to comment upon the oral or written summary of the report." R.C. 2951.03(B)(3).
In the case sub judice, the trial court did not provide a summary of the undisclosed information that it was going to rely on in making its sentencing determination. The State argues that the trial court's statements during the sentencing hearing met the statutory requirements of an oral summary. We disagree.
The court stated:
 Mr. Phares, I have reviewed the probation department's presentence report in this matter very carefully. I have reviewed the report submitted by your counsel regarding visitation with your child. I have reviewed the victim impact statements in this particular matter, and the victim impact statements indicate to me, Mr. Phares, the injuries suffered by the victim in this matter I will say left horrendous you are lucky you didn't kill this individual, you are lucky he is not dead. He has chosen not to make a statement here today with regard to the injuries he suffered with regard to the permanency.
 I can only assume, and I am not making assumption based on the reports I have in front of me, the injuries are permanent in nature; that, indeed, he is going to continue to suffer on an ongoing basis from his physical injuries he suffered let alone psychological.
 Additionally I would note for the record the injuries your daughter suffered as a result of your conduct in entering that apartment and witnessing the events I'm sure are events she will never forget, and I note she is currently undergoing counseling as a result of this event. Where that counseling leads, how well she is able to recover, if she is able to recover, I do not know.
This statement does constitute a proper summary of the information the trial court relied on. However, the court failed to provide Phares or his attorney an opportunity to comment on the summary. The record reflects that both Phares and his attorney spoke at the sentencing hearing before the court made its summary. The court's summary came at the end of the hearing immediately before the sentencing and thereby denied Phares and his attorney an opportunity to comment on the summary they had just heard.
The transcript of proceedings from the sentencing hearing indicates the trial court's oral summary of the presentence investigation report did not comply with R.C. 2951.03(B)(3). Phares' first assignment of error is sustained. His sentence is vacated and the case is remanded to the trial court for re-sentencing pursuant to R.C. 2951.03(B)(3).
 III
Phares second assignment of error states:
 THE RECORD DOES NOT SUPPORT THE SENTENCE AS REQUIRED BY SECTION 2953.08(G)(A).
Phares third assignment of error states:
 THE TRIAL COURT ERRED BY IMPOSING GREATER THAN THE MINIMUM TERMS FOR FELONIOUS ASSAULT AND BURGLARY, WITHOUT FINDING ON THE RECORD "THAT THE SHORTEST PRISON TERM WILL DEMEAN THE SERIOUSNESS OF THE OFFENDER'S CONDUCT, OR WILL NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME BY THE OFFENDER OR OTHER'S (AS REQUIRED BY SECTION 2929.14(B) OF THE OHIO REVISED CODE.)
The Court's resolution of the first assignment of error renders the remaining assignments of error moot.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P. J., SLABY, J., CONCUR.
[1] Phares' statement contained in the presentence investigation report alleges that Phares and Parker had been together earlier that evening at a bar. The statement continues that both men "had to [sic] much to drink" and Parker provoked Phares by telling him that Parker was currently living with Lucas and Jordan.
[2] Mr. Pierce, Phares' attorney, stated at the sentencing hearing "I have read the presentence investigation [report]." However, Mr. Pierce's further remarks to the court indicate that the trial court also relied on confidential information. It is not clear, from the record, that Mr. Pierce and Phares were aware of the permanency of the victim's injuries, the extent of Jordan's injuries or other information submitted to the probation department including the victim's impact statement and photographs.